# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Philip G. Reinhard | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 11 C 50051 | **DATE** | 3/15/2011 |
| **CASE TITLE** | U.S.A. vs. Bill Hernandez-Eslora | | |

**DOCKET ENTRY TEXT:**

For the reasons stated below, the court denies the § 2255 motion and dismisses this cause in its entirety.

*Philip G. Reinhard*

■[ For further details see text below.]  Notices mailed by Judicial staff.

## STATEMENT - OPINION

Bill Hernandez-Eslora, a federal prisoner, filed a pro se motion pursuant to 28 U.S.C. 2255. The motion is well-beyond the applicable one-year limitations period for seeking such relied. See 28 U.S.C. § 2255 (f)(1). Appearing to recognize this obvious bar to filing his motion, Hernandez-Eslora makes the barebones assertion that his appellate attorney was ineffective because he "[r]efused to and lied about the time I had to complete my § 2255." Implicit in this assertion is the contention that the applicable statute of limitations should be equitably tolled based on appellate counsel's ineffectiveness.

The one-year limitations period under § 2255(f) is not jurisdictional and is subject to equitable tolling. Socha v. Pollard, 621 F. 3d 667, 670-71 (7th Cir. 2010) (citing Holland v. Florida, 130 S. Ct. 2549 (2010)). However, an allegation of ineffective assistance of counsel related to the timeliness of a habeas corpus petition is not a proper basis for equitable tolling of the limitations period. Johns v. Pierce, 2011 WL 573955, * 4 (N.D. Ill. Feb. 15, 2011); Casas v. United States, 88 F. Supp. 2d 858, 860-61 (N.D. Ill. 1999); see also Souliotes v. Evans, 622 F. 3d 1173, 1180-81 (9th Cir. 2010).

Here, the assertion that appellate counsel was ineffective for not properly advising Hernandez-Eslora of the time limitation for filing a § 2255 motion does not provide a proper basis to equitably toll the applicable one-year limitation period.[1] Thus, the court denies the § 2255 motion as untimely and dismisses this cause in its entirety.

---

1. To the extent the assertion of ineffectiveness can be read to include a claim based on appellate counsel's failure to actually file a timely § 2255 motion, such a claim is also of no avail for the same reasons.